### THE CITY OF DETROIT v. MARY BRUDER.

*Eminent domain—Opening street—Map—Sufficiency—Damages.*

The map accompanying the petition in a street-opening case showed the location of the proposed improvement, and of each and all of the parcels of land to be taken, but failed to show the boundary line between a parcel of land only a portion of which was to be taken and the land adjoining the remainder of said parcel. The parcel was admitted by the city attorney to be of a certain depth, and all of the testimony was based upon this assumption. And it is held that the jury, who were permitted to take the map to the jury room, could not have

been misled by the omission to define thereon said boundary line.

Appeal from recorder's court of Detroit. (Chambers, J.) Submitted on briefs January 25, 1895. Decided February 26, 1895.

Street-opening proceedings.   Respondent appeals.   Affirmed.   The facts are stated in the opinion.

*Morse Rohnert,* for appellant.

*Frank A. Rasch,* city attorney, for petitioner.

MONTGOMERY, J.   This is an appeal from proceedings taken to condemn lands for street purposes in the city of Detroit.

. The appellant is the owner of a piece of land 59 feet by 739 1-5 feet in dimension.   The land is bounded on the east by Mt. Elliott avenue, with a frontage of 59 feet; on the south by Berlin lane, with a frontage on said lane of 739 1-5 feet; on the west by Ellery street, with a frontage of 59 feet.   It is proposed to widen the Berlin lane, so called, to a street 50.12 feet in width, and this will require the southern 31.28 feet of appellant's land, being the strip next adjoining Berlin lane, and extending from Ellery street to Mt. Elliott avenue.

For convenience in estimating the damages accruing to the appellant, the witnesses on the trial divided appellant's holding into parcels as follows:

Parcel 1, the 31.28 feet fronting Ellery street, and extending back 107 1-5 feet.

Parcel 2, the 31.28 feet fronting Mt. Elliott avenue, and extending back 105 feet.

Parcel 3, 527 feet fronting on Berlin lane, as at present known, extending northerly 31.28 feet.

Parcel 4, the 27.72 feet, with a depth of 107 1-5 feet, comprising that portion of the Ellery street front remaining.

Parcel 5, the 27.72 feet front on Mt. Elliott avenue, extending back 105 feet.

Parcel 6, the rest of appellant's land, lying adjoining parcel 3, and in the rear of the same, and between parcels 4 and 5.

Berlin lane, as at present platted, is 18.84 feet wide, running from Mt. Elliott avenue to Ellery street. The property on the south of this street has been platted into lots 30 by 107 feet. The jury awarded damages to appellant of $3,865.40. She applied to the court below for a new trial, and on its refusal appeals, and insists that it appears conclusively by the testimony that the award of damages was insufficient.

The parties are not disagreed as to what the testimony showed the value of parcels 1 and 2 to be, or the value of the improvements upon the property, with the exception that the appellee's counsel insists that the gross estimate as to the damages to shrubbery and trees is not necessarily conclusive upon the jury. It appears by this testimony that parcel 1 was valued at $725, and parcel 2 at $938.40; that the least estimate on the house, barns, etc., is $837.20; and that the appellant herself placed a value on the shrubbery and trees of $200,—making a total estimate of these items of damages of $2,700.60. Deducting this from the amount of the award leaves $1,164.80. Appellant's counsel concedes that it was open to the jury to find that parcels 4 and 5 were not damaged by the taking of the other land, so that the $1,164.80 is said by him to be the compensation to Mrs. Bruder for the damages sustained by parcels 3 and 6 by the taking of parcel 3, and it is urged that the proper method of ascertaining whether this is compensation under the testimony is to consider what is the value of the parcels, taken together, as the property is now situated, and what is the value of parcel 6 after parcel 3 has been taken, and ascertain the difference.

The witnesses called by the city made their estimates on

parcels 3 and 6 on the basis of acreage, considering the
land worth $3,000 per acre.   On this basis the value of
parcel 3 is $1,134.   It is sought by appellant to show, and
some of the witnesses did testify, that lots could be platted
fronting Berlin lane, which would have a value ranging
from $6 to $10 per foot frontage, with a depth of 59 feet,
and it is contended that this value conclusively appears;
and, further, that the parcel left after an appropriation
of the 31.28 feet in depth of the front portion, and com-
prised in parcel 6, will practically be of no value.   But
neither of these propositions is conclusively established by
the testimony.   Mr. Homer Warren, a witness in the case,
testified:

"When you cut a lot below 80 feet deep, it is almost
impossible to sell it.   I had a lot 76 feet deep once, and
found, when I got below 80 or 85 feet, it is hard to sell
it for anything."

And there was testimony adduced by the city to show
that the most practicable way of platting the lands was by
opening courts and fronting the lots on the court, the
court being at right angles with Berlin lane (or street,
when widened); and there was testimony tending to show
that, platted in this way, the remaining land would be
worth substantially as much as before appropriating the
front 31.28 feet.

We have examined the testimony with care, and while,
if we were called upon to pass upon the facts, we might
reach a different result than the jury has, yet, in view of
the fact that the jury saw the property, and of the con-
flicting testimony, we are not prepared to say that the
testimony is so overwhelming as to warrant us in disturb-
ing their conclusion upon the question of fact.

Objection was made to the introduction of the map, for
the reason that it is said it was calculated to mislead the
jury, inasmuch as it did not separate the holding of the

appellant from the adjoining land. The statute provides that the jury may take with them, when they retire, the petition in the case, and a map showing the location of the proposed improvement, and of each and all of the parcels of property to be taken. 3 How. Stat. § 3064*i*. The map conformed to these requirements, but it did not show the line between the remaining property of the appellant and the adjoining owner. It was conceded, however, by the city, on the trial, that the Bruder piece was 59 feet wide, and all the testimony was based upon this assumption. It is impossible that the jury could have been misled by the omission to mark the line between appellant's and the adjoining land.

The judgment of condemnation appealed from will be affirmed.

The other Justices concurred.